UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE BARRICELLO,            )
        Plaintiff               )
                                )
            v.                  )
                                )
WELLS   FARGO   BANK,   N.A.,   AS  )
SUCCESSOR  TRUSTEE  ON  BEHALF  OF  )   C.A. No. 13-12795-MLW
THE  HOLDER  OF  THE  HARBORVIEW  )
MORTGAGE  LOAN  TRUST  MORTGAGE  )
LOAN  PASS  THROUGH  CERTIFICATE  )
SERIES 2006-12, BANK OF AMERICA,  )
N.A.,   and   SELECT   PORTFOLIO  )
SERVICING, INC.,                )
        Defendants.             )

MEMORANDUM AND ORDER

WOLF, D.J.                                    March 22, 2016

I.   INTRODUCTION

In 2006, Michelle Barricello took out a mortgage on her home. Four years later, she declared bankruptcy under Chapter 7 of the United States Bankruptcy Code. Her mortgage debt was discharged, but she did not regain title to her home. Wells Fargo Bank, N.A., the current holder of the note and mortgage, has now begun the preliminary steps of foreclosure. Barricello has brought this action to dispute Wells Fargo's title to her home, enjoin any future foreclosure proceedings, and recover damages.

Barricello describes her mortgage as "a high interest subprime, variable rate, negative amortization type mortgage loan product, commonly referred to as a 'toxic loan.'" Complaint

("Compl.") ¶5. She further contends that her mortgage was fraudulently, or at least erroneously, assigned between multiple mortgagees. See id. ¶¶6-7. These allegations are not implausible. As both the Department of Justice and the Massachusetts Attorney General's Office have recognized, predatory lending, fraudulent securitization, and other unfair practices were rampant in the housing market around the time of Barricello executed her mortgage.[1]

However, Barricello's wrongful assignment claim cannot now be decided. The court lacks jurisdiction to address the merits of a foreclosure that has not occurred. Similarly, Barricello lacks standing to challenge assignments that are voidable by a defendant, but which the defendant has nevertheless chosen to ratify. Therefore, Barricello's claims for title, declaratory judgment, and injunctive relief are being dismissed.

---

[1] See, e.g., Press Release, "U.S. Attorney General Holder, State and Federal Officials Announce Collaboration to Investigate Residential Mortgage-backed Securities Market," United States Department of Justice (Jan. 27, 2012), available at https://www.justice.gov/opa/pr/us-attorney-general-holder-state-and-federal-officials-announce-collaboration-investigate; Press Release, "Attorney General Martha Coakley Reaches $10 Million Settlement with Subprime Lender Fremont Investment and Loan," Massachusetts Attorney General's Office (June 9, 2009), available at http://www.mass.gov/ago/news-and-updates/press-releases/2009/ag-coakley-reaches-10m-settlement-with.html.

Barricello's claims for monetary relief are also barred. Her claim under Mass. Gen. Laws Chapter 93A ("Chapter 93A") cannot be litigated because she did not send a demand letter before filing suit, which is a procedural requirement of §9(3) of that Chapter. Her contract claims fail to state with the required specificity which contractual obligations the defendants have breached. Therefore, these claims are being dismissed as well.

Barricello has filed several motions and letters pro se in the past year. The court has examined these documents carefully and construed them liberally, as is warranted when a party proceeds without representation in federal court. Although Barricello raises a number of factual and legal issues in these filings, none are sufficient to overcome the jurisdictional barriers to her claims.

In summary, the court finds that it lacks the authority to address many of Barricello's claims at this time, and that the remaining claims as pled fail to state a claim on which relief can be granted. Accordingly, the defendants' motions to dismiss are being allowed, Barricello's pro se motions are being denied, and this case is being dismissed.

3

II.  BACKGROUND

A. Facts

The following facts are drawn from the Complaint, except where otherwise noted. In 2006, Barricello obtained a mortgage loan from Countrywide Bank, N.A. ("Countrywide"). The mortgage was secured against Barricello's home in Brewster, Massachusetts (the "Property"). The mortgage was granted to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide.

Shortly after the mortgage was executed, Countrywide sold its interest in Barricello's loan to Greenwich Capital Markets, Inc. ("Greenwich"). Greenwich securitized the loan as part of the HarborView Mortgage Loan Trust 2006-12 asset group ("HarborView Trust"). See Compl. ¶15. Countrywide was subsequently acquired by Bank of America, N.A. ("BANA"). On September 26, 2011, MERS assigned its interest in Barricello's mortgage to BANA. See id. Ex. B (the "MERS-BANA assignment"). On December 26, 2012, BANA assigned that interest to Wells Fargo Bank, N.A. ("Wells Fargo"). See id. Ex. C (the "BANA-WF assignment"). Wells Fargo is, and was at the time, trustee for the HarborView Trust. See id. Select Portfolio Service, Inc. ("SPS"), acted as attorney-in-fact for BANA and loan servicer for Wells Fargo. See id.

4

In 2010, Barricello filed for bankruptcy under Chapter 7 of Title 11 of the United States Code. Barricello was granted an order of discharge on February 15, 2011. See id. Ex. D. BANA, which held the mortgage at the time, was listed as a creditor in the bankruptcy filing. Compl. ¶20.

B. Procedural History

On or about August 23, 2013, Wells Fargo filed a petition for determination of Barricello's status under the Servicemembers Civil Relief Act, 50 U.S.C. §3901 et seq. (the "SCRA"), in the Massachusetts Land Court. Id. Ex. E. The Land Court notified Barricello of the petition on August 27, 2013.

Barricello construed Wells Fargo's petition as an indication that foreclosure was impending. On September 30, 2013, she filed the complaint in this case in the Land Court. In the complaint, she alleges that the MERS-BANA assignment was signed by an employee without the authority to execute assignments. See id. ¶6. She also alleges that the BANA-WF assignment was executed by an individual who was not an officer of BANA. See id. ¶7. She further alleges that the BANA-WF assignment violated the terms of the HarborView Trust. See id. Based on these allegations, Barricello seeks to try title to the Property, declare the assignments void, and enjoin any future foreclosure proceedings. See id. ¶¶23-24, 28.

Barricello is also seeking damages. She alleges that BANA conspired with investment banks to offer subprime loans for the purpose of securitization. See id. ¶¶15-17, 19. She further alleges that BANA repeatedly refused her attempts to sell the Property for fair market value, again due to the securitization agreement. See id. ¶18. Finally, she alleges that Wells Fargo's Servicemembers petition will damage her credit rating. See id. ¶21. Barricello asserts that these actions constitute willful and intentional unfair business practices, and seeks damages under Chapter 93A. See id. ¶¶25-26. She also asserts that these actions violated the terms of the mortgage contract, and seeks damages for breach of contract and breach of the implied covenant of good faith and fair dealing. See id. ¶27.

The defendants were served on or about October 14, 2013. On November 5, 2013, Wells Fargo and BANA, with the consent of SPS, removed this case to federal court. Barricello filed multiple motions for remand, which the court denied. See March 16, 2015 Memorandum and Order.

After removing the case, BANA and Wells Fargo filed a joint motion to dismiss. SPS later filed its own motion to dismiss. All three defendants argue that Barricello's claims are jurisdictionally barred, untimely, and, in any event, unmeritorious. Barricello filed a single omnibus opposition to both motions to dismiss.

6

One month after the motions to dismiss were fully briefed, Barricello's attorney moved to withdraw, citing irreconcilable disputes with his client. The court allowed the motion, adding that "[a]s [Barricello] is unable to retain successor counsel, the court will decide the motions dismiss without oral argument and, if one or both is denied, she will be required to represent herself." March 16, 2015 Order.

Over the following year, Barricello filed several documents pro se. On July 15, 2015, she moved to amend her complaint. All three defendants filed timely oppositions to the motion. On December 3, 2015, she moved for default judgment and quiet title. Again, all three defendants responded in a timely manner. Finally, on January 7, 2016, she filed a non-motion letter in which she expands on the points raised in the prior two filings. Barricello has included seventeen attachments and exhibits with her pro se filings, all of which the court has reviewed.

III. DEFENDANTS' MOTIONS TO DISMISS

A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual

7

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard does not require "detailed factual allegations," but does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Where a claim or complaint fails to meet this pleading standard, the opposing party may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). In considering a motion under Rule 12(b)(6), the court must "construe all factual allegations in the light most favorable to the non-moving party to determine if there exists a plausible claim upon which relief may be granted." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013). The court "neither weighs the evidence nor rules on the merits because the issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996).

"Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009); Watterson v.

8

Page, 987 F.2d 1, 3 (1st Cir. 1993). However, there are "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3-4. When "a complaint's factual allegations are expressly linked to--and admittedly dependent upon--a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). When such documents contradict an allegation in the complaint, the document trumps the allegation. See Clorox Co. P.R. v. Proctor & Gamble Consumer Co., 228 F.3d 24, 32 (1st Cir. 2000) (citing Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998)).

B. Analysis

1. Count I (Try Title)

Barricello seeks to challenge the defendants' title to the Property under the Massachusetts try title statute, Mass. Gen. Laws c. 240, §§1-5. The defendants argue that this claim fails as a matter of law because no adverse claim clouds Barricello's title in the Property.

A proceeding under the Massachusetts try title statute .
involves two steps. See Bevilacqua v. Rodriguez, 460 Mass. 762,
766 (2011). First, the petitioner must establish three
jurisdictional facts: record title in the property, possession
of the property, and an actual or possible adverse claim against
the property. See Abate v. Fremont Inv. & Loan, 470 Mass. 821,
826-28 (2015). The first two elements, title and possession, are
required to assert standing in a try title action. See id. at
830. The third, an adverse claim, is required to establish
subject-matter jurisdiction. See id. at 834. If all three
jurisdictional facts are established, the adverse claimant must
"either [] disclaim the relevant interest in the property or []
bring an action to assert the claim in question." Bevilacqua,
460 Mass. at 766.

"In Massachusetts, a 'mortgage splits the title in two
parts: the legal title, which becomes the mortgagee's, and the
equitable title, which the mortgagor retains.'" Id. at 774
(quoting Maglione v. BancBoston Mtge. Corp., 29 Mass. App. Ct.
88, 90 (1990)). These two interests are "separate but
complementary." Id. at 775. In other words, the mortgagee's
interest is not "adverse" to the mortgagor's interest. See
Lemelson v. U.S. Bank Nat. Ass'n, 721 F.3d 18, 24 (1st Cir.
2013). Therefore, "where a mortgagor challenges the right of the
mortgagee to foreclose, the 'adverse claim' element of a try

10

title action is sufficiently alleged only if the foreclosure already has occurred." Abate, 470 Mass. at 834. A mortgagor may challenge a mortgagee's title prior to foreclosure only if "the very existence of a mortgage is called into question." Id.

Barricello does not dispute that she granted MERS a mortgage on the Property. See Compl. ¶5. Therefore, to establish an adverse claim, she must allege that the mortgage has been discharged. See Abate, 470 Mass. at 835 (allegation that mortgage has been discharged is sufficient to establish "adverse claim"). Barricello asserts that the mortgage was discharged in bankruptcy. See Compl. ¶20. However, "bankruptcy discharge under [Chapter 7] discharges the Debtor's personal liability under the note, but not the mortgagee's title interest." In re Shubert, 535 B.R. 488, 501 (Bankr. D. Mass. 2015). She also alleges that the mortgage was improperly assigned to BANA and Wells Fargo. Compl. ¶¶6-7. However, these allegations involve the defendants' right to foreclose, not the validity of the mortgage. See Lemelson v. U.S. Bank Nat. Ass'n, C.A. No. 12-10677-PBS, 2012 WL 4527527, at *2 (D. Mass. Sept. 28, 2012) aff'd, 721 F.3d 18 (1st Cir. 2013). Therefore, the court finds that Barricello has not alleged sufficient facts to challenge the "very existence" of the mortgage. Abate, 470 Mass. at 834.

Because Barricello has not satisfied the jurisdictional "adverse claim" element of the try title statute, Count I of the

11

Complaint is being dismissed. This dismissal is without prejudice to any claim Barricello may assert if and when the mortgage is foreclosed. See Lemelson, 721 F.3d at 25 (affirming dismissal without prejudice for failure to establish adverse claim in try title action).

## 2. Count II (Declaratory Judgment)

Barricello also seeks a declaratory judgment that the MERS-BANA and BANA-WF assignments are unenforceable. The defendants respond that Barricello lacks standing to challenge the validity of the assignments. They argue that Barricello has not shown "that her claim is premised on [her] own legal rights (as opposed to those of a third party)." Pagan v. Calderon, 448 F.3d 16, 27 (1st Cir. 2006).

An assignment is a form of contract. See Spellman v. Shawmut Woodworking & Supply, Inc., 445 Mass. 675, 681 (2006). Under Massachusetts law, a plaintiff has standing to assert rights under a contract only if she is a party to, or a third-party beneficiary of, that contract. Orell v. UMass Mem'l Med. Ctr., Inc., 203 F. Supp. 2d 52, 67 (D. Mass. 2002) (citing Monahan v. Town of Methuen, 408 Mass. 381, 391 (1990)). Therefore, a plaintiff who is neither a party to nor a beneficiary of an assignment ordinarily lacks standing to challenge the validity of that assignment.

12

As the First Circuit recognized in Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282, 289 (1st Cir. 2013), strict application of standing doctrine would deprive mortgagors of the ability to defend against foreclosure by "challenging the validity of an assignment that purports to transfer the mortgage to a [the foreclosing entity]." Id. at 291. Finding "no principled basis for employing standing doctrine as a sword to deprive mortgagors of legal protection conferred upon them under state law," the First Circuit held that "a mortgagor has standing to challenge the assignment of a mortgage on her home to the extent that such a challenge is necessary to contest a foreclosing entity's status qua mortgagee." Id.

However, Culhane provides only "standing to challenge a mortgage assignment as invalid, ineffective, or void." Id. If a mortgage assignment is void, "the purported assignee is not, in fact, the mortgagee and therefore lacks any right to foreclose on the mortgage." Wilson v. HSBC Mortgage Servs., Inc., 744 F.3d 1, 9 (1st Cir. 2014). If the mortgage assignment is merely voidable at the election of one of the parties, it is effective to pass legal title to the assignee unless it is voided by that party. See id. Only a party whose rights have been injured may declare a voidable assignment void. See id. at 9-10 (noting that assignment may be voidable for duress, fraud, or mutual mistake). Accordingly, a mortgagor does not have standing to

13

challenge a mortgage assignment that is merely voidable. See Culhane, 708 F.3d at 291; Woods, 733 F.3d at 354.

Barricello asserts that the MERS-BANA assignment is defective because "[t]he signatory on the Assignment, Kathy Oriard, was not then nor is [s]he now an authorized officer of [MERS] to execute assignments for [MERS] or for [BANA] or for Countrywide." Compl. ¶6. Oriard is listed on the MERS-BANA assignments as "Assistant Secretary" for MERS. See id. Ex. B. Under Massachusetts law:

> assignment of mortgage . . . if executed before a notary public . . . by a person purporting to hold the position of president, vice president, treasurer, clerk, secretary, cashier, loan representative, principal, investment, mortgage or other officer, agent, asset manager, or other similar office or position, including assistant to any such office or position, of the entity holding such mortgage . . . shall be binding upon such entity[.]

M.G.L. c. 183, §54B (emphasis added). Therefore, the assignment is binding on MERS, regardless of Oriard's actual authority to execute it. Barricello has "alleged, at most, that the [MERS-BANA assignment] is potentially voidable under Massachusetts common law". Wilson, 744 F.3d at 13 (assignment allegedly executed by non-employee not void). As a result, she does not have standing to challenge the MERS-BANA assignment. See id.

Barricello similarly contends that the BANA-WF assignment is void because it "was allegedly executed by a one Greg Ott, who was not then nor is he now an officer of [BANA] for the

14

purpose of assigning the mortgage to WF as Trustee." Compl. ¶7. The BANA-WF assignment states that Ott was at the time Vice President of SPS, which was acting as attorney-in-fact for BANA. Id. Ex. C. An assignment executed by a party "acting under such power of attorney on behalf of [an entity holding a mortgage] shall be binding upon such entity." Mass. Gen. Laws c. 183, §54B. Therefore, Barricello lacks standing to bring this challenge as well. See id.

Barricello asserts an alternative ground for voiding the BANA-WF assignment. She alleges that "[t]he recorded Assignment was made five (5) years after the closing date of the HarborView Trust, in breach of the master purchase agreement terms." Compl. ¶7. The master purchase agreement was not filed with the Complaint. However, even taking Barricello's assertion as true, her claim fails. The First Circuit has held that under the Culhane standard, "claims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement, are barred for lack of standing." Woods, 733 F.3d at 354.

The court finds that Barricello lacks standing to challenge the MERS-BANA and BANA-WF assignments. Therefore, Count II must be dismissed. Ordinarily, dismissal for lack of standing is without prejudice to relitigation of the underlying claim. See Osediacz v. City of Cranston, 414 F.3d 136, 143 (1st Cir. 2005);

15

Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218-19 (10th Cir. 2006). However, in analyzing the issue standing, the court has necessarily had to consider the merits of Barricello's claim that the MERS-BANA and BANA-WF assignments are void, rather than merely voidable. It has found this claim to be unmeritorious. Therefore, Count II is being dismissed with prejudice. See Abate, 470 Mass. at 836 (dismissal with prejudice proper where court must consider merits to resolve jurisdictional question); Sullivan v. Bank of New York Mellon Corp., 91 F. Supp. 3d 154, 171 (D. Mass. 2015) (dismissing wrongful foreclosure claim with prejudice where mortgage assignment was merely voidable).

### 3. Count III (Chapter 93A)

Barricello also asserts two claims for money damages. The first alleges that the defendants have violated Chapter 93A. The defendants respond that Barricello's claim is barred because she failed to make a written demand for relief before filing suit as required by §9(3) of Chapter 93A. Barricello does not deny that allegation. Instead, she asserts that "[n]o demand letter is required since the defendants, collectively, caused a [SCRA] Petition to be filed with [the Land Court] on August 23, 2013." Compl. ¶26.

Barricello cites no legal authority for her position. She appears to be relying on the statutory exception for Chapter 93A claims "asserted by way of counterclaim or cross-claim." M.G.L.

16

c. 93A, §9(3). However, Barricello did not assert her claims as counterclaims to Wells Fargo's petition under the SCRA. Indeed, it appears she could not have done so. See HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 196 (2013) (nonservicemembers may not file claims in SCRA proceedings). Moreover, the First Circuit has held that a plaintiff "asserting her [Chapter 93A] claims defensively against a foreclosure action" must comply with the written demand requirement of §9(3). McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 218 (1st Cir. 2012). That holding equally applies where, as here, foreclosure proceedings have not yet begun. See Matt, 464 Mass. at 204 ("The servicemember proceeding is not part of the foreclosure process.").

"The demand letter requirement [of §9(3)] 'is not merely a procedural nicety, but, rather, a prerequisite to suit . . . .'" McKenna, 693 F.3d at 217-18 (quoting Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004)). Because Barricello's Chapter 93A claim is barred because of a procedural defect, the court is not deciding it on the merits. Therefore, Count III is being dismissed without prejudice to refiling if Barricello is able to comply with the requirements of §9(3). See York v. Sullivan, 369 Mass. 157, 165 (1975) (dismissal for failure to comply with §9(3) requirements should be without prejudice).

### 4. Count IV (Breach of Contract)

In her second claim for damages, Barricello alleges that the defendants breached both the mortgage contract and the implied covenant of good faith and fair dealing. Compl. ¶27. The defendants argue that Barricello has not pled sufficient facts to state a plausible claim for relief.

"An indispensable element in the pleading and proof of a breach of contract claim is the promise that the plaintiff seeks to enforce." Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 6 (1st Cir. 2011). To plead breach of contract, the plaintiff must describe "the nature of the alleged contract[,] what obligations were imposed on each of the parties by the alleged contract[, and] the damages attributable to the breach." Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996). The plaintiff must also "describ[e], with substantial certainty, the specific contractual promise the defendant failed to keep." Brooks v. AIG SunAmerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007) (internal quotations omitted).

Barricello identifies the mortgage as the contract at issue. See Compl. ¶27. However, she does not identify the specific terms that the defendants allegedly breached. She also fails to explain which defendants allegedly breached the contract, or when they did so. All she offers is the conclusory statement that "by the above-stated actions"--referring to the

18

entirety of the complaint--"the defendants have breached [the mortgage contract]." Id. This is insufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). See Doyle, 103 F.3d at 195 ("Conclusory statements that '[defendants] failed to meet their contractual requirement,' . . . are insufficient to satisfy the pleading requirements."). Moreover, even after the defendants raised lack of specificity in their motions to dismiss, Barricello did not clarify the basis of this claim. See Docket No. 41. Therefore, Count IV is being dismissed as to Barricello's breach of contract claim.

Barricello also fails to state a claim for breach of the covenant of good faith and fair dealing. The covenant of good faith and fair dealing is implied in every Massachusetts contract. See T.W. Nickerson, Inc. v. Fleet Nat. Bank, 456 Mass. 562, 569-70 (2010). It prohibits any party to the contract from "injur[ing] the rights of another [party] to reap the benefits prescribed by the terms of the contract." Id. at 570 (quoting Anthony's Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 471-72 (1991)). However, "[i]t cannot 'create rights and duties not otherwise provided for in the existing contractual relationship.'" Id. (quoting Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004)).

Barricello does not specify which actions, or even which defendants, allegedly breached the implied covenant of good

19

faith and fair dealing. See Compl. ¶27. The only alleged conduct that may have denied her the benefit of the mortgage is BANA's refusal to authorize a short sale of the Property. See id. ¶18. However, Barricello has not alleged that BANA had any contractual obligation to do so. Because "[t]he scope of the covenant is only as broad as the contract that governs the particular relationship," this allegation is insufficient to support Barricello's claim. Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385 (2005); MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 493 (1st Cir. 2013) (absent specific contractual duty, mortgagee's refusal to modify loan did not breach covenant).

Barricello's allegations do not plausibly state a claim for breach of contract or breach of the implied covenant of good faith and fair dealing. "A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a decision on the merits." Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir. 1994). Therefore, Count IV is being dismissed with prejudice.

### 5. Count V (Injunctive Relief)

In Count V, Barricello states that "[u]nless the defendants are preliminary enjoined from holding a foreclosure sale on the Property, the plaintiff will be irreparably harmed." Compl. ¶28. An injunction is a remedy, not a freestanding claim. See Woods, 733 F.3d at 353 n.3; Payton v. Wells Fargo Bank, N.A., No.

CIV.A. 12-11540-DJC, 2013 WL 782601, at *6 (D. Mass. Feb. 28, 2013) (collecting cases). Therefore, Count V is being dismissed to the extent that it attempts to assert an independent claim. However, this dismissal does not preclude Barricello from seeking injunctive relief on the basis of any future claim that is not otherwise barred.

IV. PLAINTIFF'S PRO SE MOTIONS

    A. Legal Standard

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). However, "self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'" Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) (quoting Faretta v. California, 422 U.S. 806, 835 n.46 (1975)).

## B. Analysis

The court has carefully considered Barricello's pro se filings to determine whether she is entitled to any form of relief. Construing the pleadings liberally in the plaintiff's favor, the court finds no basis on which the relief Barricello seeks can be granted. Therefore, her three pro se motions are being denied.

### 1. Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) permits an entry of default where the defendant "has failed to plead or otherwise defend" against an action. Wells Fargo, BANA, and SPS have consistently defended this action. Contrary to Barricello's assertions, they have addressed her claims and her pro se motions adequately and in a timely manner. Therefore, Barricello's motion for default judgment against the defendants is being denied.

### 2. Motion for Quiet Title

The court construes Barricello's motion for quiet title as a motion to amend her complaint to include a claim for quiet title under Mass. Gen. Laws c. 240, §§6-10. To succeed in an action for quiet title, the plaintiff must hold legal title to the property in question. See Bevilacqua, 460 Mass. at 767 n.5; Daley v. Daley, 300 Mass. 17, 21 (1938) ("A bill to remove a cloud from the title to land affected cannot be maintained

unless both actual possession and the legal title are united in the plaintiff."). In Massachusetts, legal title to a mortgaged property is held by the mortgagee. See supra §III.B.1. Therefore, under Massachusetts law, a mortgagor cannot bring an action to quiet title in a mortgaged property, because she lacks legal title.

Barricello does not dispute that she mortgaged the Property in 2006. She contends that the mortgage was discharged in the 2010 bankruptcy proceedings. See Docket No. 53 at 3. She is mistaken. As explained earlier, bankruptcy under Chapter 7 may discharge a mortgage debt, but does not discharge the mortgage itself. See supra §III.B.1. Therefore, Barricello's mortgage is still in effect and she may not bring an action for quiet title at this time.

### 3. Motion for Leave to Amend

Barricello has moved to amend her complaint to include new factual allegations and legal theories. See Docket No. 53 at 5-6. However, she has not explained what these facts and theories are or how they will support her claims. Nor has she filed a proposed amended complaint. Ordinarily, a plaintiff's failure to explain the basis for amendment is a sufficient reason to deny leave to amend. See Roskam Baking Co. v. Lanham Mach. Co., 288 F.3d 895, 906 (6th Cir. 2002) (affirming denial of leave to amend where plaintiff "never submitted a proposed

23

amendment for the court to review, and he did not indicate what allegations his amended complaint would contain to support [his claim]"). However, because Barricello is now representing herself, the court has reviewed her pro se filings to determine whether it can "intuit" a proper basis for amendment. Ahmed, 118 F.3d at 890. It cannot.[2]

Barricello asserts several reasons that the defendants lack the authority to foreclose on the Property. She argues that they cannot meet the requirements of the recently-amended Mass. Gen. Laws Chapter 244. See Docket No. 53 at 2-3. She also asserts that the statute of limitations on foreclosure has run. See id. at 3-5. Finally, she argues that, for equitable reasons, the defendants should not be allowed to foreclose after engaging in what she characterizes as fraudulent and unscrupulous tactics. See Docket No. 57 at 9-13.

As explained earlier, the court does not have jurisdiction to consider the merits of a foreclosure that has not yet occurred. See supra §III.B.1. Therefore, Barricello's arguments

---

[2] Although only Docket No. 53 was styled as a motion for leave to amend, the court has considered all of Barricello's pro se filings in reaching this conclusion. This includes Barricello's motion for default judgment and quiet title, Docket No. 57, and her January 7, 2016 letter, Docket No. 62. The court has not considered Barricello's May 14, 2014, letter, Docket No. 47, which she filed while still represented by counsel and, in any event, makes essentially the same arguments as her later pro se submissions.

on this point are premature. For the same reason, her concern that the defendants are using the court to "legitimize" illegal conduct, Docket No. 57 at 13, is unfounded. The court has not, and indeed cannot, "legitimize" a foreclosure that is now hypothetical.

Barricello also alleges new facts in support of her argument that the MERS-BANA and BANA-WF assignments are void. First, she alleges that the assignments were "robo-signed" and, therefore, fraudulent. Docket No. 57 at 5; Docket No. 62 at 2-3. As the First Circuit explained in Wilson, 744 F.3d at 13, the term "robo-signing" is a colloquial term with no clear legal significance under Massachusetts law. Accordingly, Barricello's "bare allegation of 'robo-signing' does nothing to undermine the validity of the [MERS-BANA or BANA-WF] Assignment." Id. (affirming dismissal of wrongful foreclosure claim for lack of standing).

Second, Barricello alleges that Countrywide assigned her mortgage to Greenwich as part of the HarborView Trust in 2006, then purported to assign the same mortgage to BANA five years later. See Docket No. 57 at 6-9, 11. Therefore, she argues, Countrywide had no interest to assign to BANA. Barricello has standing to pursue this claim. See Wilson, 744 F.3d at 9; Culhane, 708 F.3d at 291 (mortgagor has standing to challenge assignment on ground that "assignor had nothing to assign").

However, Exhibit B to the Complaint shows that it was MERS, not Countrywide, that assigned the mortgage to BANA in 2011.[3] When a document attached to a complaint contradicts an allegation in the complaint, the document trumps the allegation. See Clorox, 228 F.3d at 32 (1st Cir. 2000). Therefore, the court finds that MERS assigned the mortgage to BANA, which then assigned the mortgage to Wells Fargo. For the reasons stated earlier, see supra §III.B.2, these assignments were effective to transfer whatever interest MERS held to Wells Fargo. The question of whether that interest is sufficient to allow Wells Fargo to foreclose on the Property is not now properly before the court. See supra §III.B.1.

After careful consideration of Barricello's pro se filings, the court finds no allegations that would entitle her to relief at this time. Therefore, amendment would be futile. See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (amendment in response to motion to dismiss is futile

---

[3] The First Circuit recently explained the operation of "the mysterious entity known as MERS." Culhane, 708 F.3d at 287. Briefly, when MERS acts as nominee for a lender, MERS holds title to the mortgage, but the lender holds the mortgage note. See id. at 291-92. Under Massachusetts law, "[t]he two instruments exist on separate planes, and the transfer of the note does not automatically transfer the mortgage." Id. at 292. Therefore, MERS can assign bare title to a mortgage even if the lender has assigned the note to another entity. See id. at 293. From the documents in the record, this appears to be precisely what happened to Barricello's mortgage.

26

unless "the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory"). Accordingly, Barricello's motion for leave to amend is denied.

V.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1.  The defendants' Motions to Dismiss for Failure to State a Claim (Docket Nos. 34, 37) are ALLOWED. Counts I and III of the Complaint are dismissed without prejudice. All other Counts are dismissed with prejudice.

2.  Barricello's Motion for Leave to File Amended Complaint (Docket No. 53) is DENIED.

3.  Barricello's Motion for Default Judgment and Motion to Quiet Title (Docket No. 57) is DENIED.

4.  This case is DISMISSED.


UNITED STATES DISTRICT JUDGE